MEMORANDUM OF DECISION
MANFREDI, J.
This case was initiated by a complaint dated March 20, 2007. The complaint alleged that the plaintiff Normand Heese suffered injuries as a result of an incident that occurred on June 14, 2006.
The essence of the complaint is that Mr. Heese was forced into a car while walking through the Riverview Parking Garage at the Mohegan Sun Casino and subsequently driven off of the premises where he was assaulted in the course of an attempted robbery.
The allegations of negligence against the defendant are summarized as follows:
a) the defendant failed to make proper and reasonable inspections of the parking garages;
b) the defendant failed to warn patrons and the plaintiff of potential dangers and the criminal element existing on the property;
c) the defendant failed to properly train its agents, servants and employees concerning security in the parking garages;
d) the defendant failed to supply adequate security forces despite conditions existing in the parking garages;
e) the defendant failed to use reasonable care to keep the premises reasonably safe;
f) the defendant failed to properly warn or notify patrons of the dangerous and unsafe atmosphere existing in the parking garages, and they knew or should have known of the inadequacy of security and that a warning or other means of notification was reasonable and necessary;
*236 g) the defendants allowed said condition to continue when they knew or should have known of its existence;
h) the defendant knew or had they exercised due care and proper diligence should have known of the aforesaid condition.
The defendant denied all of the allegations of negligence.
Trial of this case was commenced on April 27, 2010 and continued for completion to May 25, 2010.
On April 27, 2010 plaintiffs counsel entered exhibits into the record. The plaintiff was not present in court. Mary Lou Morrissette testified on behalf of the defendant. The Court viewed a video of the parking garage which showed some of the contact between Mr. Heese and his assailants in the parking garage.
The Court did not observe any force being utilized by the assailants against the plaintiff. The video covered a period of time of approximately 8 minutes. During that time at least two tribal police cars were seen patrolling the garage. The Court observed nothing in the conduct between the plaintiff and his assailants, which would have alerted the security police to any potential problems.
On May 25, 2010 the court reconvened and Mr. Heese took the stand. He testified that he is 81 years old and was born in South Dakota. In 1983 he moved to New York and is a World War II veteran. He is trained as a brick layer and stonemason and joined the union and 1951. He is still a member of the union.
He retired from active work in 1990 and his wife died approximately 1 ½ years ago.
The plaintiff testified that on June 13, 2006 he arrived at the casino around 5:30 p.m. After having dinner he gambled and cashed out with about $150. He had about $400 on his person.
As he was leaving he was approached by a girl and asked for money. She told him that she was going out to the garage and she would walk him out. As he left with her a “colored” man met up with them.
The plaintiff testified that the woman and man told him to get into their car and that he did get in. He stated at one point that he was shoved. They took him out to the country where the man threatened to kill him with a knife. The plaintiff punched the man and escaped from the car. He went into the woods where he hid under leaves. He was frightened, believing he was going to be killed, but waited until they left the area.
After the man and woman left he emerged from the woods, located a nearby house and knocked on the door. A woman answered, but wouldn’t come out, but she did call the police, who came out to the scene and investigated the assault and attempted robbery.
Plaintiff did not see any police or security in the garage that night.
In a statement to the police plaintiff stated that he got into the front passenger seat of the car and that the black male occupied the driver’s seat, while the woman got into the rear passenger seat. He indicated that they told him that they would drive him to his car.
At his deposition the plaintiff testified that he was not pushed but guided into the car that belonged to the black male and that he got into the car voluntarily believing he was getting a ride to his own car.
Discussion.
As to the allegations of negligence contained in the complaint the court finds that the plaintiff has not met his burden of proof in connection with any of the allegations.
*237 Specifically, the court finds no evidence that the defendant failed to make inspections of the parking garage. In fact, during the time of the video admitted into evidence security cars were seen patrolling the garage on at least two occasions during a 10 minute period.
As to the second allegation of negligence there was no evidence presented to show that the defendant was aware of any potential dangers or criminal element existing in the parking garages.
Likewise, there is no evidence presented with respect to the training of the defendants’ agents, employees and servants. The only evidence in this regard was the defendants’ procedures manual, which if anything supports the defendant’s position that the training and procedures were adequate to protect customers.
Similarly, no evidence was presented to show that there was an inadequate security force existing in the defendant’s parking garages. Although a roster and schedule of security was provided as an exhibit it is unclear from reviewing it what the duties and responsibilities of the security forces involved were. Additionally, there was no evidence presented to indicate what an adequate security force would be or what they should or should not do.
As to the remaining allegations of negligence there is simply nothing in the evidence to show that the defendant failed to use reasonable care to keep the premises safe or to warn patrons of a criminal element existing in the parking garages as there was no evidence that such a criminal element existed in the parking garages prior to this incident.
The real issue that controls the decision in this case is that of proximate cause. Simply put, was anything that the defendant did or failed to do a substantial factor in the chain of events that led to the plaintiffs injuries. The court cannot find, under the evidence here that any conduct or omission of the defendant was a substantial factor in bringing about plaintiffs injuries. Moreover, the Court finds that the unforeseeable criminal acts of the plaintiffs assailants superseded any potential alleged negligence on the part of the defendant. Sullivan v. Metro-North Commuter Railroad Company, 292 Conn. 150, 971 A.2d 676 (2009).
There is nothing in the record to lead this court to conclude that the defendant knew or should have known that either of the assailants were likely to kidnap and assault the plaintiff under the circumstances of this case.
Accordingly, judgment may enter on behalf of the defendant and against the plaintiff in this matter.